FILED
2019 Nov-01 AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH MICHAEL HUME,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:16-CV-00954-MHH |
| | ) |
| **WILLIAM L. HUGHES, KERRY G. LOVELESS, MILLS-CONOLY ENGINEERING, P.C.,** | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On October 28, 2019, the Court entered a memorandum opinion addressing Mr. Hughes's and Mr. Loveless's summary judgment arguments based on state-agent immunity. (Doc. 114). Mr. Hughes and Mr. Loveless also have moved for summary judgment based on affirmative defenses regarding premises liability and Alabama's recreational use statutes. (Doc. 80, pp. 15–23). For the reasons below, these arguments are not persuasive.

Mr. Hughes and Mr. Loveless argue that they "had no legal duty to provide warnings" on the Farmer Hall enclosure because Mr. Hume was a "trespasser." (Doc. 80, pp. 15–18). For the defendants' trespasser theory to warrant judgment in their favor as a matter of law, Mr. Hughes and Mr. Loveless would have to establish as a matter of law that Mr. Hume was a trespasser and would have to demonstrate

that they had no duty to warn a trespasser of the high voltage area. Mr. Hughes and Mr. Loveless have not accomplished these tasks.

The defendants do not contend that Mr. Hume, a Montevallo student, was a trespasser on the University's campus. Rather, they argue that Mr. Hume trespassed in the locked enclosure that contained the high voltage equipment at issue. The defendants have offered no authority that suggests that a person otherwise invited onto certain premises may be a trespasser with respect to an isolated area on the premises, and the defendants' trespass theory rests on the presence of a locked gate that Mr. Hume could not see when he climbed the wall into an enclosure that he thought contained water heaters. A jury will have to determine whether Mr. Hume trespassed in the enclosure.

Even if he did, Mr. Hughes and Mr. Loveless still would owe a duty to him not to injure him wantonly or intentionally. *Ryals v. U.S. Steel Corp.*, 562 So. 2d 192, 194 (Ala. 1990). Mr. Hughes and Mr. Loveless also would owe Mr. Hume a duty "to use reasonable care to warn [Mr. Hume] of dangers known by [Mr. Hughes and Mr. Loveless] to exist on the property." Ala. Code § 6-5-345 (2012). The evidence here indicates Mr. Hughes and Mr. Loveless were aware that students were present near the Farmer Hall enclosure at night, that the Farmer Hall enclosure contained live and exposed electrical equipment, and that live and exposed electrical equipment poses a serious risk of harm. (Doc. 57-1, p. 302; Doc. 76-38, p. 259). A

jury must decide whether the defendants knew that the warning sign was missing from the enclosure or abdicated their obligation to maintain the warning sign.

Mr. Hughes and Mr. Loveless also argue that Alabama's recreational use statutes immunize them from liability. (Doc. 80, pp. 19–22). Here, those statutes apply only to public recreational land. *Ex parte City of Guntersville*, 238 So. 3d 1243, 1247 (Ala. 2017) (discussing city's liability with respect to municipal park). At best, there is a question of fact as to whether the area outside of state college buildings constitutes public recreational land. The defendants' public recreational land theory is at odds with their trespass theory. *Compare Tuders v. Kell*, 739 So. 2d 1069, 1073 (Ala. 1999) ("The recreational-use statute applies to landowners who have given express permission for their land to be used for recreational purposes."), *with Kitchens v. United States*, 604 F. Supp. 531, 534 (M.D. Ala. 1985) (citation omitted) ("In Alabama, a trespasser is one who enters land without the owner's permission."). A jury will have to determine the nature of the property at issue.

Based on the foregoing and the discussion during the September 26, 2019 hearing, the Court denies Mr. Hughes's and Mr. Loveless's motion for summary judgment based on their trespass and recreational use arguments.

**DONE** and **ORDERED** this October 31, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE